**Maricel RIVERA**

v.

**Salvatore MOIO and Pamela Moio.**

No. 95–438–Appeal.

Supreme Court of Rhode Island.

July 3, 1996.

Paul S. Cantor, Providence.

Dennis D. Bossian, Providence.

**ORDER**

This case came before a hearing panel of this Court for oral argument on June 18, 1996, pursuant to an order that directed both parties to appear and show cause why the issues raised by the defendants' appeal from a Superior Court judgment entered, in favor of the plaintiff, after jury trial should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

The plaintiff, Maricel Rivera (Rivera), rented an apartment from the defendants, Salvatore and Pamela Moio (the Moios). Rivera alleges that in April 1991 the ceiling outside the bathroom door in her apartment began leaking. Although Rivera reported the leak and a plumber came to her apartment to examine the leak, the leak continued. On May 20, 1991, Rivera, presumably upset at the conditions in her apartment, went to the Providence Code Enforcement Office to report several alleged violations of the city's

housing code. On May 22, 1991, an inspector came to Rivera's apartment and, as a result, the Moios were cited for various city code violations. However, that inspection came too late for Rivera because, on May 21, 1991, the day before the city inspector's visit, Rivera slipped and fell as she exited her bathroom, allegedly on a puddle of water caused by the unfixed leak. Because she was three months pregnant, she went to Women and Infants Hospital on that same day. Rivera claims that she felt a pain in her back as a result of that fall, but the hospital reports from her visit after the fall show that Rivera hit her back on a table. There is no reference in those reports to Rivera's back being injured as a result of the fall and it was later determined that there was no table in the area where she allegedly slipped on the water.

On the day after the slip and fall, the same day as the city inspector's visit, Rivera was involved in a domestic dispute with her common law husband, Wilfredo Melendez. The police responded to that incident and Rivera was again transported to Women and Infants Hospital. The police reports indicate that Rivera sustained injuries including back pain from the assault. The hospital records from that assault indicate that Rivera was hit in the back and side.

Rivera sued the Moios for damages for the back injuries she sustained as a result of her fall outside her bathroom. She alleges that she continues to suffer from back pain and is unable to perform ordinary physical activities because of it.

At trial, a jury form containing five interrogatories was submitted to the jury. The first interrogatory asked whether the Moios were guilty of negligence that was a proximate cause of the accident and, if so, what percentage that negligence contributed to the cause of the accident. The second interrogatory asked the jurors whether Rivera was guilty of any negligence that was a proximate cause of the accident and injuries. The third interrogatory asked the jurors to indicate "the percentage you feel his [sic] [Rivera's] negligence contributed to cause the accident * * *." The fourth and fifth interrogatories asked the jury to state the total amount of damages suffered by Rivera and the total amount of damages recoverable by Rivera.

After deliberating for a short while, the jury requested assistance from the trial justice. They were confused because they did not think the sequence of the interrogatories corresponded to their analysis because, as stated in their question to the trial justice, if they found the Moios guilty of negligence but felt that the Moios' negligence was only one of the causes of Rivera's injuries then the percentages of liability would change. In response to the jury's request, the trial justice instructed the jury that

"the percentages of liability do not change. The question of damages change. The damages have to be the proximate cause of the accident; they've got to prove the damages as being proximately caused by the accident. So that if you feel that some of the injuries were caused by the accident and some may have pre-existed the accident or were not caused by the accident, then you don't have to find damages for those portions of the injuries that you feel were not proximately caused by the Defendant's negligence. It doesn't change the percentage of liability. * * *

So obviously if you feel there was an accident that caused—that was—that the negligence was the proximate cause of the accident, but if you don't feel that the injuries were, then you have to come back with no damages. I'm not sure that you can do that. You've got some evidence here that's contradictory of that so you're going to have to consider all of the evidence. I realize in all these cases there's contradictory evidence, that's your job to make the findings of fact. I can't do that."

After being so instructed, the jury returned to their deliberations and soon thereafter returned a verdict for Rivera. With respect to the first interrogatory, the jurors amended the question asked to include not only the percentage the Moios' negligence contributed toward the *accident* but also the percentage the Moios' negligence contributed toward the *injuries*. The jurors' response was that the Moios were 60% liable for the accident and 33⅓% liable for the injuries.

As to the second interrogatory, which asked the jurors to determine Rivera's negligence, the jurors placed a "40%" in the space provided and drew an arrow from the 40% to the term "accident" in the interrogatories, presumably indicating that Rivera was 40% responsible for the accident and not the injuries.

In response to the third interrogatory, the jurors answered that they felt Rivera's negligence contributed 66⅔% to the accident, but they added "and injuries" after "accident." With that addition, the jury was probably indicating that the 66⅔% referred to Rivera's injuries and not the accident. That interpretation is the only interpretation consistent with the jurors' other responses.

As for the last two interrogatories, the jury responded that Rivera's total injuries amounted to $126,000 and the total amount recoverable by Rivera was $42,000.

On appeal the Moios claim that the trial justice's response to the jury's request for assistance was erroneous and prejudicial because it did not permit a finding of liability with no damages. In support of their claim, the Moios point out a discrepancy in the jury's award of damages. Although the jury found the total damages to be $126,000, they found the total recoverable damages to be $42,000. However, if one accepts the jury's findings that the Moios were 60% responsible for the accident and the accident was 33⅓% responsible for the injuries, the total recoverable damages would be $25,200, not $42,000. That discrepancy is, in fact, dispositive of this appeal because it demonstrates that the trial justice's instructions to the jury were confusing, unhelpful and unresponsive to the request for assistance made by the jury. The jury obviously misunderstood how to allocate damages and liability because they were unable to make their specific damage figures correspond to their allocation of liability.

Additionally, the interrogatory form submitted to the jury was improper. In interrogatory three, the jury was asked to indicate the percentage it *felt* Rivera's negligence contributed towards the accident. However, the jury's role is not to express how it feels liability should be allocated, the jury must *find* liability. Regardless of one's feelings on an issue, the law might require a finding of guilt or innocence in a particular circumstance. Thus, a jury's feelings as to whether a person is liable are irrelevant.

As to the Moios' second claim of error, that the official notice of housing code violations was erroneously admitted into evidence because it was highly prejudicial and irrelevant, we conclude that the violation notice was properly admitted because it indicated dirty and stained tiles and water damage to the walls and ceilings in the bathroom, conditions clearly relevant to the issues in dispute.

The Moios' final claim of error is that attempts to impeach the testimony of the owner of Rivera's apartment building, Louise Leonetti (Leonetti), with testimony from court-annexed arbitration were improper because trials following arbitration should be conducted as if there had been no arbitration proceeding, pursuant to Rules 5(d) and (e) of the Rules Governing Arbitration of Civil Actions. They also contend that impeachment was improper because there was no contradictory statement made by Leonetti at the arbitration proceeding. However, we conclude that the impeachment of Leonetti was proper because no reference was made during trial that indicated any prior arbitration proceeding. Moreover, Leonetti's testimony was never impeached with extrinsic evidence so it is irrelevant that no contradictory statement was made at the arbitration proceeding.

For the foregoing reasons the appeal is hereby sustained, the judgment below is vacated and this case is now remanded to the Superior Court for further proceedings.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.